IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE K. BODE,                              Civ. No. 06-6181-HO

        Plaintiff,                         ORDER

   v.

Commissioner of Social Security,

        Defendant.

   Plaintiff seeks review of the decision of the Commissioner denying her application for a period of disability and disability insurance benefits. For the reasons that follow, this matter is remanded to the Commissioner for further proceedings.

<u>Discussion</u>

   The administrative law judge (ALJ) erred by failing to address the medical source statement prepared by examining psychologist Alison Prescott, Ph.D. (Tr. 257-59). The error is not harmless. Dr. Prescott's statement includes limitations exceeding the ALJ's assessment that plaintiff cannot withstand "unanticipated changes in the work environment." Dr. Prescott

Case 6:06-cv-06181-HO    Document 17    Filed 04/24/07    Page 2 of 3

opined that plaintiff has a marked limitation in the ability to "respond appropriately to changes in a routine work setting," "shows regular symptoms of [post traumatic stress disorder (PTSD)] & depression even [with] medication," "responds to stressors or pressure [with] decompensation cycle," "has regular episodes of depression [with] PTSD symptoms, panic & disassociation . . . on a weekly basis for several days at a time," and is "severely disabled during these times."  (Tr. 258). The vocational expert (VE) testified that a person with these limitations is unable to sustain jobs previously identified by the VE as other work a person with plaintiff's residual functional capacity (RFC) is able to perform.

The ALJ cited clear and convincing reasons supported by substantial evidence to find plaintiff not fully credible.  The ALJ noted inconsistencies between plaintiff's allegations and statements to medical providers regarding sleep (Tr. 176, 305-06), allegations of symptoms inconsistent with or unsupported by medical evidence (Tr. 154-55, 238-39, 302, 304), and allegations of symptoms inconsistent with reported activities, which included obtaining a message therapy license during the period of alleged disability.  (Tr. 17).

Remand for further administrative proceedings is appropriate in this case, because it is not clear that there are no outstanding issues, or that the ALJ would be required to find

plaintiff disabled were Dr. Prescott's statement credited as true.  The ALJ's credibility determination is supported by the record.  The VE testified that a person with the limitations assessed by the medical expert (ME) can perform work that exists in significant numbers in the national economy.  Plaintiff became a licensed massage therapist during the period of alleged disability.

On remand, the ALJ shall consider Dr. Prescott's medical source statement and the weight to accord the statement, reconsider steps three through five of the sequential evaluation, and issue a new written decision.  Nothing herein restricts the ability of the ALJ to reconsider any other issue or further develop the record as he sees fit.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Commissioner for remand to the ALJ for further proceedings.

IT IS SO ORDERED.

DATED this   24th    day of April, 2007.


     s/ Michael R. Hogan
     United States District Judge